IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA L. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-229-TLW |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Lisa L. Adams seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 27). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**INTRODUCTION**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a 36-year old female, applied for applied for Title XVI benefits on March 24, 2010. (R.135-38). Plaintiff alleged a disability onset date of March 6, 2010. (R. 135). Plaintiff initially claimed that she was unable to work because she had broken both of her legs in a motor vehicle accident. (R. 150). She later added "panic attacks" and "constant worrying and crying" as a reason for her inability to work. (R. 196). Plaintiff's claim for benefits was denied initially on June 8, 2010, and on reconsideration on November 5, 2010. (R. 78-86). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on October 21, 2011. (R. 26-65). The ALJ issued a decision on December 5, 2011, denying benefits and finding plaintiff not disabled because she was able to perform other work. (R. 7-25). The Appeals Council denied review, and plaintiff appealed. (R. 1-4).

## ANALYSIS

Plaintiff alleges, among other things, that the ALJ's residual functional capacity findings are not supported by substantial evidence because the ALJ failed to conduct a proper treating physician's analysis of Dr. Edward Clymer's opinions. The Court does not find a basis to reverse and remand the ALJ's decision with respect to the other issues raised by plaintiff, but on this issue, remand is necessary.

2

The complete medical records indicate that Dr. Clymer was plaintiff's general practitioner, who treated her from March 2008 through July 2011. (R. 259-81, 289, 349-74). On July 21, 2010, Dr. Clymer completed a questionnaire in which he stated that he was treating plaintiff for anxiety disorder and opined that she could not "work outside the home." (R. 289). The remaining records are comprised of treatment notes that show medication management for plaintiff's leg pain, neck spasms, and anxiety. (R. 259-81, 349-74). These notes are brief and contain no opinions about plaintiff's functional capacity. Id. The beginning of each note contains an "assessment." Id. Dr. Clymer lists the following issues in almost all of his notes: GAD, PTSD, bilateral carpal tunnel, and leg/ankle fractures. Id. It's clear from a review of the treatment notes that Dr. Clymer pulled some of those diagnoses from other doctor/hospital records.

Based on the regulations and case law, it was proper for the ALJ to reject those opinions related to PTSD and carpal tunnel syndrome because the administrative record contains no objective medical evidence establishing those diagnoses. See 20 C.F.R. § 416.908 (requiring that an impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). However, because some of Dr. Clymer's records address the severe impairments of bilateral broken legs and anxiety and because there is objective medical evidence in the record establishing these diagnosis (R. 216-27, 240-42, 244-56, 259-81, 321-26, 349-74), the ALJ was required to conduct a full treating physician analysis as to Dr. Clymer's opinions related to these two impairments. The ALJ failed to do so. The Court has considered whether the ALJ's failure to apply this

3

analysis is harmless error and has concluded that the Tenth Circuit's limits on the harmless error do not reach this far.

## CONCLUSION

For this reason, the ALJ's decision finding plaintiff not disabled is **REVERSED AND REMANDED** for the ALJ to conduct a full treating physician's analysis of Dr. Clymer's opinions.

SO ORDERED this 14th day of April 2014.

_____
T. Lane Wilson
United States Magistrate Judge